UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YVONNE STANTON, parent and next friend of K.T., a minor, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-0988 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action on behalf of her minor child, K.T., pursuant to the Individuals with Disabilities Education Act, as amended ("IDEA"), 20 U.S.C. § 1400 *et seq.*, to appeal an adverse Hearing Officer's Decision ("HOD") issued on April 17, 2008. Defendants have moved to dismiss the complaint as untimely. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Plaintiff filed administrative due process complaints in February and March 2008, alleging that the District of Columbia Public School System ("DCPS") had denied K.T., who is learning disabled, a free and appropriate education by failing to implement K.T.'s individualized education program ("IEP"), by holding inappropriate IEP team meetings that failed to include plaintiff, and by failing to develop an appropriate IEP and sought, among other things, compensatory education services. (*See* Compl. ¶¶ 8-15 and Ex. B, C.) Following an administrative hearing, the hearing officer issued a decision on April 17, 2008, in which he concluded that plaintiff had failed to demonstrate K.T.'s entitlement to the compensatory

education requested.  (*See id.* ¶ 16 and Ex. A at 4-5.)  On April 25, 2008, plaintiff filed a motion for reconsideration, but the hearing officer did not respond.  (*Id.* ¶ 17 and Ex. D.)  Thereafter, on August 20, 2008, plaintiff filed the instant appeal of the HOD.[1]

## ANALYSIS

Pursuant to the IDEA, a party bringing an action to appeal an HOD "shall have 90 days from the date of the decision . . . to bring such an action" unless state law expressly sets a different time limit.  20 U.S.C. § 1415(i)(2)(B).  Because plaintiff filed her appeal more than 90 days after issuance of the HOD, defendant contends that her complaint must be dismissed as untimely.  However, administrative Standard Operating Procedures permit a party to file a motion for reconsideration of the HOD within 10 days of its issuance.  (*See* Mot. to Dismiss Ex. 3, Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures ["Standard Operating Procedures"] § 1005.)  Such a motion will be deemed denied by operation of law if the hearing officer fails to rule on it within 30 days.  (*Id.*)  Thus, because plaintiff timely filed a motion for reconsideration, she contends that the statute of limitations period did not begin to run until the hearing officer denied her motion, thereby making her complaint timely.  The parties do not dispute that plaintiff had a right to request reconsideration or that her request was timely.  Accordingly, the sole issue before this Court is whether the timely filing of a motion for reconsideration of an HOD restarts the 90-day period for seeking judicial review.

---

[1]   Plaintiff's initial complaint was filed in *Battle v. District of Columbia*, No. 08-1449 (D.D.C. filed August 20, 2008).  Although her claims were severed from that case and plaintiff was ordered to refile her suit separately, her claims relate back to the date of filing of the *Battle* complaint.  *See Battle*, Memorandum Order, at 5-6 (issued April 29, 2009).

In order to understand the parties' debate, it is necessary to review the history of the IDEA limitations period. When initially enacted, the IDEA did not contain a statute of limitations. Thus, this Circuit borrowed the 30-day appeal period for review of administrative decisions from D.C. Court of Appeals Rule 15(a).[2] *See Spiegler v. District of Columbia*, 866 F.2d 461, 466 (D.C. Cir. 1989). Moreover, based on *Spiegler*'s admonition that "a federal court must take the state's tolling rules with the underlying limitations period to the extent they are consistent with federal law," *id.* at 469, district courts in this circuit also borrowed the associated tolling provision from D.C. Court of Appeals Rule15(b).[3] *See R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 27 (D.D.C. 2003); *Carruthers v. Ludlow Taylor Elementary Sch.*, 432 F. Supp. 2d 75, 80-81 (D.D.C. 2006); *Parker v. District of Columbia*, No. 05-0188, 2006 U.S. Dist. LEXIS 31827, at *7-*8 (D.D.C. May 22, 2006). Plaintiff contends that Rule 15 is still applicable because subsection (a)(2) imposes a 30-day limitations period "[u]nless an applicable statute provides a different time frame." Thus, plaintiff argues, Rule 15(a)(2) makes specific provision for the IDEA's 90-day limitations period, and Rule 15(b) applies to extend the time for appeal. (*See* Opp'n at 6-7.)

---

[2]   Pursuant to Rule 15(a)(2):

Unless an applicable statute provides a different time frame, the petition for review [of an agency order or decision] must be filed within 30 days after notice is given, in conformance with the rules or regulations of the agency, of the order or decision sought to be reviewed.

[3]   Rule 15(b) states:

If a party timely files a petition for rehearing or reconsideration in accordance with the rules of the agency, the time to petition for review as fixed by section (a)(2) of this rule runs from the date when notice of the order denying the petition is given.

Plaintiff's argument must be rejected. The D.C. Circuit's adoption of the Rule 15(a) limitations period in *Speigler* was expressly premised on the IDEA's lack of a statute of limitations. *See Speigler*, 866 F.2d at 463-64 ("When Congress has not established a statute of limitations for a federal cause of action, it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies."). Now that "the silence [that *Speigler*] addressed ha[s] been replaced by a clear word from Congress," *Anthony v. District of Columbia*, No. 06-0192, 2006 U.S. Dist. LEXIS 31389 (D.D.C. May 22, 2006), there is no cause to look to Rule 15 at all.

This fact, however, is not dispositive of plaintiff's case. Both the Supreme Court and the D.C. Circuit have addressed, albeit in the context of other statutes, the effect on the running of the statute of limitations of the filing of a motion for reconsideration with an administrative agency. Those cases are crystal clear that the filing of such a motion "within the period allotted for judicial review of the original order . . . tolls the period for judicial review of the original order." *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 279 (1987) (holding that "the timely petition for administrative reconsideration stayed the running of the Hobb's Act's limitation period until the petition had been acted upon by the Commission"); *Stone v. INS*, 514 U.S. 386, 392 (1995) (noting that the APA and the Hobbs Act "embrace a tolling rule: The timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review."); *Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 228 (D.C. Cir. 1960) (holding that "when a motion for rehearing is made, the time for filing a petition for judicial review does not begin to run until the motion for rehearing is acted upon . . . ."); *cf. Clifton Power Corp. v. FERC*, 294 F.3d 108, 110 (D.C. Cir. 2002) ("A request for administrative

reconsideration renders an agency's otherwise final action non-final with respect to the requesting party."); *Nordell v. Heckler*, 242 U.S. App. D.C. 25, 749 F.2d 47, 48 (D.C. Cir. 1984) ("A request for reconsideration of an EEOC opinion, if filed within the time for bringing suit under Title VII, renders the initial decision no longer 'final action' and hence extends the deadline for filing a civil action . . . ."). The Supreme Court views this tolling rule as "the ordinary judicial treatment of agency orders under reconsideration."[4] *Stone*, 514 U.S. at 393-94. "The tolling rule reflects a preference to postpone judicial review to ensure completion of the administrative process. Reconsideration might eliminate the need for judicial intervention, and the resultant saving in judicial resources ought not to be diminished by premature adjudication." *Id.* at 399.

Moreover, while the IDEA states that an HOD is final, *see* 20 U.S.C. § 1415(i)(1) (noting that "[a] decision made in a hearing conducted pursuant to subsection (f) or (k) shall be final, except that any party involved in such hearing may appeal . . ."), the Supreme Court in *Locomotive Engineers* construed such finality language "merely to relieve parties from the *requirement* of petitioning for rehearing before seeking judicial review . . . but not to prevent petitions for reconsideration that are actually filed from rendering the orders under reconsideration nonfinal." *Locomotive Eng'rs*, 482 U.S. at 284-85 (emphasis in original).

Accordingly, because the IDEA does not mandate the rejection of the "ordinary" tolling rule nor does defendant cite any authority that contradicts this rule, the Court must apply it here.[5]

---

[4] In *Stone*, the Supreme Court rejected the tolling rule in deportation cases based on specific language of the Immigration and Nationality Act. 514 U.S. at 398. No such statutory language exists in this case.

[5] Notably, the Student Hearing Office's rules state that "[t]he filing of a motion for reconsideration on a final order, if such motion is timely filed, the order shall not be deemed final for purposes of judicial review until the motion is ruled upon by the Hearing Officer or is

For these reasons, defendant's motion to dismiss [Dkt. # 4] is **DENIED**. The parties are further directed to submit an agreed upon briefing schedule to chambers on or before August 14, 2009.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:  July 30, 2009

---

denied by operation of law." Standard Operating Procedures § 1005.  While it is not clear that this Court is bound by this administrative rule, *see Stone*, 514 U.S. at 393 (declining to answer question whether agency has the authority to specify whether finality of its orders for purposes of judicial review is affected by filing of a motion to reconsider), it is unnecessary to decide the issue as the Court concludes that the agency's rules are consistent with federal law.